No. 24-2199

*In the*

# United States Court of Appeals

*for the*

# Ninth Circuit

KELLY CAHILL; HEATHER HENDER; SARA JOHNSTON; LINDSAY ELIZABETH,

*Plaintiffs-Appellees*,

v.

INSIDER, INC.; ADVANCE LOCAL MEDIA, LLC; AMERICAN CITY BUSINESS JOURNALS,

*Intervenors-Appellees,*

NIKE, INC.,

*Defendant-Appellant.*

APPEAL FROM A DECISION OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON
CASE NO. 3:18-CV-01477-JR · HONORABLE MARCO A. HERNANDEZ

## MOTION TO INTERVENE

David J. Elkanich, OSB No. 992558
David A. Bernstein, OSB No. 235633
BUCHALTER, A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191
delkanich@buchalter.com
dbernstein@buchalter.com

*Attorneys for Appellee Counsel Markowitz Herbold PC*

CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Markowitz Herbold PC, declares it is a corporation organized under the laws of the State of Oregon. Markowitz does not have a parent corporation nor is there any publicly-held corporation that owns 10% or greater ownership interest in Markowitz.

Respectfully submitted this 11th day of September, 2024,

        BUCHALTER
        A Professional Corporation

By  s/ *David J. Elkanich*
        David J. Elkanich, OSB No. 992558
        Email: delkanich@buchalter.com
        David A. Bernstein, OSB No. 235633
        Email: dbernstein@buchalter.com
        Telephone: 503.226.1191

*Attorneys for Appellee Counsel Markowitz Herbold PC*

## MOTION TO INTERVENE

Markowitz Herbold PC ("Markowitz"), counsel for Appellees in the above-referenced matter, moves this Court for leave to intervene in this appeal, per Federal Rule of Appellate Procedure 27 and Ninth Circuit Rule 27-1. Markowitz seeks to intervene as an interested party for the limited purpose of addressing statements made relating to their alleged prior conduct in Appellant Nike's Opening Brief filed with this Court on August 2, 2024. On September 11, 2024, via e-mail, counsel for Markowitz informed all opposing and co-counsel that it would be filing this motion, requesting any objections. As of the time of filing, Markowitz has received neither any objections nor statements of non-opposition from other counsel.

Specifically, Nike's appeal seeks the return and destruction of certain inadvertently disclosed documents by Markowitz to The Oregonian. Markowitz itself first sought this relief from the District Court below. While Markowitz agrees with the relief sought by Nike, Markowitz disagrees with its characterization of the underlying facts in the matter. Nike has alleged that Markowitz acted inappropriately and engaged in wrongful conduct, which Markowitz denies. As a result, Markowitz has an interest in this appeal in refuting the misrepresentations and adverse allegations made by Nike against Markowitz.

1

## FACTUAL BACKGROUND

Markowitz is counsel of record for Plaintiffs-Appellees in this matter. As addressed in the Appellant's Brief, this appeal concerns a request initially made by Markowitz for the District Court to order the return of certain documents that Markowitz inadvertently produced to The Oregonian. (App. Nike's Opening Br. ("App. Br.") at 10-12; 2-ER-260-268.)

In describing these events, Nike made certain false and misleading statements in its Appellant's Brief concerning Markowitz's and Markowitz's attorneys' professional conduct, character, and ethical behavior.

Specifically, Nike accuses Markowitz of somehow coordinating a grand conspiracy to flaunt the Court's protective orders and send confidentially-marked materials to The Oregonian, despite no evidence to support such a farcical theory. It is not only patently untrue, but also intended to impugn Markowitz's reputation as counsel. (App. Br. at 16-18.) Markowitz has no other avenue of recourse to clear its name in this public record unless permitted to intervene and address the incendiary allegations.

## LEGAL STANDARD

Notably, "'no statute or rule provides a general standard to apply in deciding whether intervention on appeal should be allowed,' the 'policies underlying' Federal Rule of Civil Procedure 24 guide our analysis." *E. Bay Sanctuary*

*Covenant v. Biden,* 102 F.4th 996, 1001 (9th Cir. 2024) (quoting *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 276–77, 142 S.Ct. 1002, 212 L.Ed.2d 114 (2022)).

Federal Rule of Civil Procedure 24 allows intervention by a party who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." The Ninth Circuit has interpreted this rule to allow intervention when a party has a direct, substantial, and legally protectable interest in the subject matter of the litigation. *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir.2002).

Markowitz has a direct and legally protectable interest in this appeal as the false and mischaracterizing statements in Appellant's Brief attack its personal and professional reputation. As such, Markowitz seeks to intervene solely to protect and defend against these baseless accusations, which have been improperly raised in the course of the appeal.

## ARGUMENT

### I.  MARKOWITZ HAS A DIRECT INTEREST IN THIS APPEAL

The inflammatory and false statements in Nike's brief directly target Markowitz's professional integrity and reputation. "A party must intervene when he knows or has reason to know that his interests might be adversely affected by

3

the outcome of litigation." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 835 (9th Cir. 2022) (internal citations omitted).

Nike's attacks against Markowitz are especially pertinent and possibly affected as Nike is actively seeking monetary sanctions against it in the District Court for the inadvertent disclosure at issue on appeal. If Markowitz is not permitted to intervene, Nike will be given a forum to air its baseless accusations that it could rely on in its future requests for sanctions against Markowitz without allowing Markowitz a chance to respond.

By putting Markowitz's conduct at issue on appeal, Nike has invited Markowitz's intervention.

## II. INTERVENTION WILL NOT PREJUDICE THE PARTIES OR DELAY THE PROCEEDINGS

Markowitz's intervention will not prejudice either party, as Markowitz does not seek to argue the merits of the case, and has its brief ready to be filed immediately upon being allowed to intervene. As explained, Markowitz seeks only to defend against the personal attacks made by Nike, which fall outside the substantive legal issues on appeal. Markowitz's participation will be limited to addressing these improper, extraneous statements, and such participation will not cause any undue delay in the resolution of this appeal.

### III. MARKOWITZ HAS NO OTHER ADEQUATE MEANS TO PROTECT ITS INTERESTS

Without intervention, Markowitz will be left without any adequate recourse to respond to and refute the defamatory allegations made against it on this appellate record. Absent Markowitz's participation, no other existing appellee has the pertinent interests or background to address the falsity of these attacks from Nike.

As seen from the other appellee's briefs that have been filed with this Court as of September 5, 2024, the other appellees have no reason to and do not directly respond and refute Nike's unsubstantiated attacks on Markowitz and Ms. Laura Salerno Owens.

## CONCLUSION

For the reasons set forth above, Markowitz respectfully requests that this Court grant the motion to intervene for the limited purpose of allowing Markowitz to respond to the false allegations made in Nike's opening brief. Each of the factors that a court considers under Rule 24 support intervention as Markowitz has its interests implicated in this appeal, will not delay the appeal or prejudice any parties by intervening, and no other party can adequately represent Markowitz's unique interests.

DATED this 11th day of September, 2024.

        BUCHALTER
        A Professional Corporation

        By s/ *David J. Elkanich*
        David J. Elkanich, OSB No. 992558
        Email: delkanich@buchalter.com
        David A. Bernstein, OSB No. 235633
        Email: dbernstein@buchalter.com
        Telephone: 503.226.1191

        *Attorneys for Appellee Counsel Markowitz Herbold PC*

# CERTIFICATE OF SERVICE

**9th Cir. Case Number(s) 24-2199**

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

[ ] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

Motion to Intervene

**Signature** s/ David J. Elkanich          **Date: September 11th, 2024.**