**Docket No. 24-2199**

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

KELLY CAHILL; HEATHER HENDER; SARA JOHNSTON; LINDSAY ELIZABETH,

*Plaintiffs-Appellees,*

v.

INSIDER, INC.; ADVANCE LOCAL MEDIA, LLC; AMERICAN CITY BUSINESS JOURNALS,

*Intervenors-Appellees,*

NIKE, INC.,

*Defendant-Appellant.*

*Appeal from a Decision of the United States District Court for the District of Oregon Case No. 3:18-cv-01477-JR · Honorable Marco A. Hernandez*

**INTERVENOR-APPELLEE COUNSEL MARKOWITZ HERBOLD PC'S ANSWERING BRIEF**

David J. Elkanich, OSB No. 992558
David A. Bernstein, OSB No. 235633
BUCHALTER, A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR  97205
Telephone: 503.226.1191
delkanich@buchalter.com
dbernstein@buchalter.com

*Attorneys for Intervenor-Appellee Counsel Markowitz Herbold PC*

# TABLE OF CONTENTS

ORAL ARGUMENT ............................................................................................. 3

INTRODUCTION ............................................................................................... 3

JURISDICTIONAL STATEMENT .................................................................... 5

ISSUES PRESENTED ......................................................................................... 5

STANDARD OF REVIEW .................................................................................. 5

STATEMENT OF THE CASE ............................................................................ 5

    I.    PLAINTIFFS' COUNSEL INADVERTENTLY DISCLOSED CERTAIN DOCUMENTS THAT WERE MARKED CONFIDENTIAL. ............................................................................ 6

    II.    MARKOWITZ HAS PROVIDED DISCOVERY TO NIKE TO THOROUGHLY SUBSTANTIATE ITS ACCOUNT OF THE INADVERTENT DISCLOSURE. ...................................................... 10

SUMMARY OF THE ARGUMENT ................................................................ 11

ARGUMENT ...................................................................................................... 12

    I.    MARKOWITZ DOES NOT DISPUTE THE RELIEF NIKE REQUESTS REGARDING THE CLAW BACK OF INADVERTENTLY PRODUCED DOCUMENTS. ......................... 12

    II.    NIKE'S REQUESTED RELIEF CONCERNING DISCOVERY HAS BEEN MOOTED BY SUBSEQUENT RULINGS BY THE DISTRICT COURT. ............................................................................ 12

CONCLUSION .................................................................................................. 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akina v. Hawaii*,
    835 F.3d 1003 (9th Cir. 2016) ........................................................................12

## ORAL ARGUMENT

Plaintiffs' counsel Markowitz Herbold, P.C. ("Markowitz") does not require its own oral argument, unless requested by the Court.

## INTRODUCTION

At the heart of this appeal is a petition for the return of documents that Markowitz inadvertently provided to a reporter from The Oregonian, which had intervened in the underlying litigation against Nike. Markowitz first moved for the return of those documents on January 25, 2024, and Markowitz—along with Nike—have continued to assert that The Oregonian should be required to do so. 2-ER-260-268. Accordingly, Markowitz joins in Nike's requested relief to this Court regarding the return and destruction of the inadvertently produced documents.

Markowitz writes separately, however, to correct the record as to numerous mischaracterizations made by Nike throughout its Opening Brief, who hyperbolically suggests that Markowitz somehow schemed its way into this situation through malevolence rather than accident. That is, Nike argues that Markowitz intentionally provided these documents to The Oregonian (and then self-disclosed the accident and filed the underlying motion to return and destroy) notwithstanding its clear knowledge that the disclosure would become public, could lead to sanctions, a potential loss of reputation, and public embarrassment, solely to punish Nike in this case.

3

Nike's proffered explanation is neither reasonable nor realistic. As explained from the outset, Markowitz attorney Laura Salerno Owens, counsel for Plaintiffs, made a single, regrettable mistake when she inadvertently disclosed an isolated set of documents, which Nike had designated confidential and which was still subject to a Protective Order, to a reporter at The Oregonian. Contrary to Nike's misleading characterizations, Ms. Salerno Owens never intended to share any confidentially marked documents with The Oregonian, and, upon discovery of the inadvertent disclosure, Markowitz immediately took steps to understand the scope of the disclosure and sought the return and destruction of the documents directly from The Oregonian. To be clear: At each opportunity, Markowitz has taken steps to transparently explain the circumstances that led to the inadvertent disclosure, as well as Ms. Salerno Owens' remorse and subsequent steps to mitigate the mistake.

Indeed, the District Court below recently—*just days ago*—rejected Nike's allegation that Markowitz acted intentionally and in bad faith, and, instead, held that that there was no evidence that suggested "the disclosure of the [produced documents] was anything more than inadvertent." MarkowitzSER-0011. The District Court specifically found that the inadvertently disclosed documents were not produced deliberately or in bad faith. MarkowitzSER-0012.

4

Because these inadvertently disclosed documents were given to the representatives of a party that had intervened in this litigation, Markowitz agrees with Nike that the Court has the power to enforce its ability to referee run-of-the-mill discovery disputes between litigants and require the return and destruction of the documents.

## JURISDICTIONAL STATEMENT

Markowitz does not challenge the jurisdictional statement in Nike's Opening Brief.

## ISSUES PRESENTED

Markowitz does not challenge the Statement of Issues in Nike's Opening Brief.

## STANDARD OF REVIEW

Markowitz does not challenge the Standard of Review in Nike's Opening Brief.

## STATEMENT OF THE CASE

Markowitz joins in Nike's request for this Court to reverse the District Court's decision and to require The Oregonian to return certain inadvertently disclosed documents.

Markowitz, however, files this brief to correct Nike's mischaracterizations about the events surrounding the inadvertent disclosure. As detailed below, the

events that led up to the inadvertent disclosure were neither compelling nor remarkable. Ms. Salerno Owens made an oversight and accidentally provided documents to The Oregonian that she should not have.

After fully litigating this issue in the District Court, Magistrate Judge Russo agreed with Markowitz—rejecting Nike's theories—and held that the Court was "unable to determine the disclosure of the unredacted version of the survey was anything more than inadvertent." MarkowitzSER-0011.

## I. PLAINTIFFS' COUNSEL INADVERTENTLY DISCLOSED CERTAIN DOCUMENTS THAT WERE MARKED CONFIDENTIAL.

The events of the inadvertent disclosure have recently been reviewed in depth by the District Court in response to a motion by Nike for sanctions against Markowitz related to this inadvertent disclosure. The District Court recently agreed with Markowitz that the disclosure to The Oregonian was inadvertent, and not done intentionally or in bad faith—and the Court rejected Nike's hyperbolic inferences of bad conduct. *Id.* In summary, the inadvertent disclosure occurred as follows:

On Friday, January 19, 2024, Ms. Salerno Owens met with Matthew Kish, a reporter from The Oregonian, to provide a comment on a story that he was preparing to report that had overlapping issues regarding the treatment of female employees at, and by, Nike. 2-ER-241. In advance of the meeting, Ms. Salerno

6

Owens prepared a statement to issue for The Oregonian. As an experienced attorney, she wanted to ensure that the statement was supported by facts in the record. To that end, she wanted to reference certain documents that had been included in unsealed filings in this case. *Id*. And so, before the meeting, Ms. Salerno Owens asked her office to prepare "a PDF of [certain documents] … that were available in the public record pursuant to the Court's October 11, 2023 order (ECF 363)." *Id.* Unbeknownst to Ms. Salerno Owens, in addition to containing documents filed in the public record, the PDF was also compiled with some documents that remained designated confidential by Nike. 2-ER-242-243.

As Nike notes in its brief, the underlying litigation has been a matter of public concern. *See, e.g.,* Nike's App. Br. at 11, n. 2. To best advocate for her plaintiffs, Ms. Salerno Owens has had occasional contact with The Oregonian throughout this case. Neither Ms. Salerno Owens nor Markowitz ever "agreed to be used as a source," as Nike alleges, it merely responded to the opportunity to comment on a story related to the underlying litigation. It is neither remarkable nor inappropriate for an attorney to speak with the media when working on a case of public interest, and she was doing so to advance her clients' interests. Nor can Nike point to any other problems with Ms. Salerno Owens' conversations with The Oregonian besides the inadvertent disclosure itself.

7

On the day of the inadvertent disclosure, Ms. Salerno Owens met with Mr. Kish downtown and sent him Plaintiffs counsels' pre-drafted statement regarding the story he was writing, related to events in the underlying litigation.[1] 2-ER-241. As Ms. Salerno Owens expected, Mr. Kish subsequently requested the documents referenced in that statement; Ms. Salerno Owens then sent Mr. Kish a second email that included a pre-assembled index, which Ms. Salerno Owens believed would provide Mr. Kish docket references so that he could find the documents via PACER. 2-ER-242. Mr. Kish replied that the index did not contain ECF docket numbers, as she had thought it would, so Ms. Salerno Owens then sent a third email with the package of documents (believing that she was simply saving Mr. Kish the legwork of pulling documents off of PACER). 2-ER-242-243. This meeting occurred following an ice storm and extended power outages throughout the Portland metropolitan area, which affected Ms. Salerno Owens personally.

---

[1] While Nike is correct that the inadvertent disclosure occurred during Portland's 2024 ice storm, which caused several power outages, including at Ms. Salerno Owens' own home 2-ER-247-248, Nike's account is needlessly distorted. In her Declaration in support of Plaintiffs' Motion to Request Return of Inadvertently Disclosed Materials, Ms. Salerno Owens explained that it had been a difficult week due to the ice storm, which had closed schools and which had resulted in lost power multiple times. But on that Friday in question, Ms. Salerno Owens already had planned to be downtown for a client meeting. As explained in Markowitz's response to Nike's Motion to Compel, Ms. Salerno Owens "had another meeting with a client" scheduled in her office downtown that day. 2-ER-243. *See also* Ms. Salerno Owens' January 19, 2024 text message to Mr. Kish, stating: "My in-person for 2:30 just confirmed so I'll be downtown. Can we meet a little earlier? 1:45?" 2-ER-80.

8

Nike's constant suggestions that these facts suggest a grand conspiracy or that Ms. Salerno Owens somehow intentionally schemed to provide these documents to The Oregonian is not only false, but impertinent. Had Ms. Salerno Owens wanted to disclose sealed documents to The Oregonian, she would have hardly done it while on record in a public meeting in her capacity as Plaintiffs' counsel with a newspaper reporter. Nor would she have emailed the documents while she was in an in-person meeting—she could have simply handed over the documents with no electronic record of their dissemination. She also would not have immediately informed The Oregonian of the mistake and demanded return of the documents; contacted her risk management partner and managing partner at Markowitz; hired outside counsel to review the scope of the inadvertent disclosure, and promptly (and publicly) sought the Court's assistance to obtain the return and destruction of the documents. The fact that Ms. Salerno Owens met with Mr. Kish at a downtown coffee shop during a week where downtown Portland was one of the only places in the region with reliable power and heat hardly implies untoward "backroom dealings" or some Hollywood-worthy tale of intrigue.

Immediately upon learning of the inadvertent disclosure, Ms. Salerno Owens and the Firm took steps to understand the scope of the disclosure, to analyze their legal and ethical obligations, to seek prompt return (and destruction) of the

9

inadvertently disclosed documents directly from The Oregonian, and to prepare pleadings to file in Court when that was unsuccessful.

Nike may complain it took Markowitz six days to provide Nike notice, but Nike does not and cannot explain what would be *different* or how it was prejudiced by the six days (four court days) it took Markowitz to review the matter to determine the scope of the disclosure, seek confirmation from The Oregonian, and make the disclosure to Nike.

## II. MARKOWITZ HAS PROVIDED DISCOVERY TO NIKE TO THOROUGHLY SUBSTANTIATE ITS ACCOUNT OF THE INADVERTENT DISCLOSURE.

Markowitz has provided undisputed evidence about these events from the outset. Ms. Salerno Owens and Markowitz have provided, under oath, explicit, *uncontroverted* details of what happened. *See, e.g.,* Markowitz's motion to request return of inadvertently disclosed materials 2-ER-260-268, Ms. Salerno Owens's attached declaration to that motion (with exhibits) 2-ER-240-248, and correspondence with Nike's counsel, 2-ER-59-74, in addition to briefings subsequent to Nike's appeal.

Additionally, in response to Nike's discovery, Markowitz produced 466 pages of discovery to Nike, including all of Ms. Salerno Owens's conversations (text messages and emails) with Mr. Kish related to these events. Nike's comments that it needs to see discovery from The Oregonian before it can opine on

10

the veracity of Ms. Salerno Owens's account is absurd. App. Br. at 17, n. 6. While Markowitz stakes no position on whether Nike should be able to obtain discovery from The Oregonian as a legal matter, it is worth noting factually that there are no communications between Ms. Salerno Owens and Mr. Kish related to the events at issue that have not been produced.

Even with this discovery, Nike has been unable to produce, or even just point to, any evidence indicating the disclosure was intentional or in knowing violation of any Court orders, which the District Court has noted amounts to nothing more than conjecture and never proved any intentional wrongdoing. MarkowitzSER-0011.

Regardless, Markowitz has, at all times, supported Nike's efforts at having the inadvertently disclosed documents clawed back from The Oregonian. 1-ER-5-14.

## SUMMARY OF THE ARGUMENT

Markowitz agrees with Nike's requests for a reversal of the denial of injunctive relief requiring the return and destruction of the inadvertently produced documents to The Oregonian. Magistrate Judge Russo's original January 26, 2024, Order requiring The Oregonian to return the inadvertently disclosed confidential material, to not disseminate those materials, and to destroy any copies in its possession by January 31, 2024, was proper. 2-ER-303-305.

11

ARGUMENT

I. **MARKOWITZ DOES NOT DISPUTE THE RELIEF NIKE REQUESTS REGARDING THE CLAW BACK OF INADVERTENTLY PRODUCED DOCUMENTS.**

As discussed above, Markowitz does not contest Nike's requested relief regarding the claw back of the inadvertently produced documents.

II. **NIKE'S REQUESTED RELIEF CONCERNING DISCOVERY HAS BEEN MOOTED BY SUBSEQUENT RULINGS BY THE DISTRICT COURT.**

Subsequent District Court rulings have rendered the relief Nike is requesting regarding discovery to be moot. *See, e.g.,* MarkowitzSER-0011. As a result, Nike's appeal concerning any discovery against any party at this time is moot. *See, e.g., Akina v. Hawaii*, 835 F.3d 1003 (9th Cir. 2016) ("An interlocutory appeal of the denial of a preliminary injunction is moot when a court can no longer grant any effective relief sought in the injunction request.").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, Markowitz concurs with Nike that the Court may vacate the District Court's February 28, 2024 Order denying the requests to force The Oregonian to return and destroy any inadvertently produced documents, and direct the District Court to order the return of inadvertently produced documents.

DATED this 13th day of September, 2024.

BUCHALTER
A Professional Corporation

By s/ *David J. Elkanich*
David J. Elkanich, OSB No. 992558
Email: delkanich@buchalter.com
David A. Bernstein, OSB No. 235633
Email: dbernstein@buchalter.com
Telephone: 503.226.1191

*Attorneys for Intervenor-Appellee Counsel Markowitz Herbold PC*

## CERTIFICATE OF COMPLIANCE

**9th Cir. Case Number(s) 24-2199**

I am the attorney or self-represented party.

**This brief contains** 2,153 words, and excludes the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ *David J. Elkanich*          Date: September 13, 2024.

# CERTIFICATE OF SERVICE

**9th Cir. Case Number(s) 24-2199**

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

[ ] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

Intervenor-Appellee Counsel Markowitz Herbold PC's Answering Brief

**Signature** s/ David J. Elkanich                **Date: September 13, 2024.**