**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| KELLY CAHILL; HEATHER HENDER; SARA JOHNSTON; LINDSAY ELIZABETH, *Plaintiffs - Appellees*, v. INSIDER INC.; ADVANCE LOCAL MEDIA LLC d/b/a/ OREGONIAN MEDIA GROUP; AMERICAN CITY BUSINESS JOURNALS, *Intervenors - Appellees*, NIKE, INC., an Oregon Corporation, *Defendant – Appellant*, ---------------------------------------- MARKOWITZ HERBOLD, PC, *Intervenor*. | No. 24-2199 D.C. No. 3:18-cv-01477-JR OPINION |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Senior District Judge, Presiding

2    CAHILL V. NIKE, INC.

Argued and Submitted February 12, 2025
San Francisco, California

Filed March 18, 2025

Before: Lawrence VanDyke and Anthony D. Johnstone, Circuit Judges, and Dana L. Christensen, District Judge.[*]

Opinion by Judge VanDyke

**SUMMARY**[**]

### Confidential Documents

The panel: (1) vacated the district court's order denying a motion to require a media organization to return or destroy confidential documents that were inadvertently disclosed to it by counsel for the plaintiffs in an employment discrimination action; and (2) remanded for further proceedings.

Pursuant to a protective order, a collection of internal workplace complaints was produced to the plaintiffs on a confidential basis, and many of the documents were also sealed. The district court granted the motion of three media organizations, including Advance Local Media LLC d/b/a The Oregonian Media Group, to intervene. During a

---

[*] The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

meeting with a reporter from The Oregonian, plaintiffs' attorney inadvertently sent the reporter confidential documents. The district court declined to order The Oregonian to return or destroy those documents.

The panel held that it had jurisdiction over the appeal under 28 U.S.C. § 1292(a)(1) because the relief sought was injunctive in nature.

The panel held that the district court, as part of its inherent powers to oversee discovery in cases before it, had authority to order The Oregonian to return or destroy the documents because, as an intervenor, The Oregonian was a party to the case and was thus subject to the district court's inherent case-management authority. The panel held that The Oregonian did not have a First Amendment right to withhold the documents because pretrial discovery proceedings are not public components of the judicial process, and a court can police access to information disclosed in discovery. Applying relaxed First Amendment scrutiny, the panel held that the district court's exercise of its inherent authority over parties' access to the fruits of discovery furthered a substantial government interest unrelated to the suppression of expression.

## COUNSEL

Grayson Clary (argued), Reporters Committee for Freedom of the Press, Washington, D.C.; Edwin A. Harnden (argued), Joshua Waugh, and Melissa C. Oakley, Barran Liebman LLP, Portland, Oregon; for Intervenors-Appellees.

Brian W. Denlinger, Ackermann & Tilajef PC, Tacoma, Washington; Craig J. Ackermann, Ackermann & Tilajef PC,

Beverly Hills, California; Barry L. Goldstein, Byron Goldstein, James Kan, and Laura L. Ho, Dardarian Ho Kan & Lee, Oakland, California; David B. Markowitz and Harry B. Wilson, Markowitz Herbold PC, Portland, Oregon; India L. Bodien, Attorney at Law, Tacoma, Washington; for Plaintiffs-Appellees.

David J. Elkanich, Buchalter APC, Portland, Oregon, for Intervenor.

Sean D. Unger (argued), Paul Hastings LLP, San Francisco, California; Daniel Prince and Felicia Davis, Paul Hastings LLP, Los Angeles, California; Laura E. Rosenbaum, Stoel Rives LLP, Portland, Oregon; for Defendant-Appellant.

## OPINION

VANDYKE, Circuit Judge:

Does a district court have the power to order an intervenor to return or destroy confidential documents that were inadvertently disclosed to it by another party? This case, in which one party's attorney inadvertently disclosed confidential documents to a newspaper reporter, compels us to answer this question. We conclude that a district court's inherent powers provide the authority to issue such an order. The district court's order[1] below is therefore vacated and the

---

[1] Because the district court affirmed the magistrate judge, we refer to the orders from the magistrate judge and district judge collectively as the district court's orders.

case is remanded for further proceedings consistent with this opinion.[2]

## I.

Kelly Cahill, Sara Johnston, Lindsay Elizabeth, and Heather Hender ("Plaintiffs") filed a putative class action lawsuit against Nike, Inc. ("Nike") in 2018, asserting gender discrimination and hostile workplace claims. One piece of evidence in Plaintiffs' lawsuit was a collection of internal workplace complaints—dubbed "the Starfish complaints"—that documented allegations of discrimination and harassment at Nike. Given the sensitive information in the Starfish complaints and other produced documents, the district court entered a protective order ("Protective Order") to facilitate discovery. Pursuant to the Protective Order, thousands of documents were produced to Plaintiffs on a confidential basis, and many were also filed under seal. While Nike and Plaintiffs agreed to unseal the substance of the Starfish complaints, they kept under seal the names of the non-party complainants, witnesses, and other persons of interest.

Three media organizations, including Advance Local Media LLC d/b/a The Oregonian Media Group ("The Oregonian"), wanted access to those names. So the media groups filed a motion to intervene, which the district court granted. After intervention, Plaintiffs' attorney met with a reporter from The Oregonian to discuss the claims against Nike. During that meeting, the attorney inadvertently sent the reporter confidential documents, including unredacted

---

[2] The Court **GRANTS** Nike's motion to seal (Dkt. 35) so that the district court can resolve the relevance, if any, of the sealed documents on remand.

versions of the sealed documents attached to Plaintiffs' class certification motion and additional documents produced in discovery.[3]

Plaintiffs' counsel demanded that The Oregonian return or destroy the documents, but The Oregonian refused. Plaintiffs' counsel then moved for the return or destruction of the documents. The magistrate judge initially granted the motion and entered an order restraining The Oregonian from publishing any information obtained from the disclosed documents and also ordering The Oregonian to return or destroy those documents. The district court vacated the order and referred the issue back to the magistrate judge. Reasoning that The Oregonian was not a party to the case and that the district court lacked authority to order a non-party to return the documents, the magistrate judge denied Plaintiffs' motion. The district court affirmed over Plaintiffs' and Nike's objections.

## II.

We have jurisdiction under 28 U.S.C. § 1292(a)(1). Section 1292(a)(1) "permits appeal as of right from '[i]nterlocutory orders of the district courts … granting, continuing, modifying, *refusing* or dissolving *injunctions*.'" *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83 (1981) (emphasis and alterations in original) (quoting § 1292(a)(1)). The relief sought below—an order requiring

---

[3] This case is not mooted by affirmance of the district court's unsealing order in the related appeal, *Cahill, et al. v. Nike, Inc.*, No. 24-165. There are additional confidential documents—separate from those that are the subject of the related appeal—that The Oregonian obtained only through the attorney's inadvertent disclosure. The disposition of these separate documents remains a live issue independent of the resolution of the other case. *See United States v. Washington*, 596 U.S. 832, 837 (2022).

The Oregonian to return or destroy the documents, with a "promise not to disseminate that information in any way and to destroy copies in its possession"—was injunctive in nature. *See Privitera v. Cal. Bd. of Med. Quality Assur.*, 926 F.2d 890, 893–94 (9th Cir. 1991); *see also In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 423, 430 (E.D.N.Y. 2007), *aff'd sub nom. Eli Lilly & Co. v. Gottstein*, 617 F.3d 186 (2d Cir. 2010); *Eli Lilly*, 617 F.3d at 189. Because the relief sought below was injunctive in nature, and the district court's order had the "practical effect" of denying Nike injunctive relief, *Carson*, 450 U.S. at 83, the denial of that relief confers jurisdiction on this court. *Calderon v. U.S. Dist. Ct.*, 137 F.3d 1420, 1422 n.2 (9th Cir. 1998).[4]

### III.

The district court incorrectly concluded that it lacked the authority to order the return or destruction of the documents disclosed by Plaintiffs' attorney to The Oregonian. As an

---

[4] Nike also argues that the district court applied the wrong standard of review to the magistrate judge's order. District judges review non-dispositive orders issued by a magistrate judge under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A). De novo review applies to dispositive orders "that ha[ve] been properly objected to," such as a denial of injunctive relief. *Id.* § 636(b)(1)(B)–(C). Because both standards invite plenary, non-deferential review for questions of law, *see* 12 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 3069 (3d ed. June 2024 update), any error from the district court by stating that it applied "clear error" review was immaterial. The district court also stated it "carefully considered [the] objections and conclude[d] they do not provide a basis to modify the Magistrate Judge's Order." Because there is no indication that the district court showed deference instead of reviewing the issue anew, *see Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006), we conclude that, its misstatement notwithstanding, the district court functionally applied the correct standard.

intervenor, The Oregonian was a party to the case and was thus subject to the district court's jurisdiction without implicating any First Amendment concerns.

### A.

The Oregonian is a party to this case. As the Supreme Court has explained: "[w]hen the term [to intervene] is used in reference to legal proceedings, it covers the right of one to interpose in, *or become a party to*, a proceeding already instituted." *U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009) (emphasis and alterations in original) (quoting *Rocca v. Thompson*, 223 U.S. 317, 330 (1912)). And this court has explained that a prospective intervenor becomes a party to the suit once allowed to intervene. *Robert Ito Farm, Inc. v. Cnty. of Maui*, 842 F.3d 681, 687 (9th Cir. 2016); *see also United States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1378 (9th Cir. 1997) ("After intervention, the parties to the litigation have changed."). Other circuits have reached the same conclusion: once an intervenor enters an action, they become a "party" to it. *E.g.*, *Moses v. City of Perry*, 90 F.4th 501, 505 (6th Cir. 2024); *Old Dominion Elec. Coop. v. FERC*, 892 F.3d 1223, 1232 (D.C. Cir. 2018); *Korczak v. Sedeman*, 427 F.3d 419, 420 (7th Cir. 2005); *Galbreath v. Metro. Tr. Co. of Cal.*, 134 F.2d 569, 570 (10th Cir. 1943).

The Oregonian attempts to dull the effect of its party status by arguing it is only a limited-purpose intervenor that should not be subject to the Protective Order or the district court's discovery orders. But "as a general rule, intervenors are permitted to litigate fully once admitted to a suit." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1304 (9th Cir. 1997) (citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7C *Fed. Prac. & Proc.*

*Civ.* § 1920 (2d ed. 1986)). Even when a party intervenes in a case after the resolution of certain issues, and for only a limited purpose, the intervenor has the ability to challenge prior rulings and orders through motions to reopen or reconsider. *Id.* at 1303–04. Only when a court imposes specific limitations or conditions upon an intervening party is that party's status so limited. *See, e.g.*, *Sierra Club v. Penfold*, 857 F.2d 1307, 1320 (9th Cir. 1988) (discussing district court's imposition of limitations on putative class of intervenors). By entering into the litigation here, The Oregonian obtained the same rights and obligations that any other party would obtain.[5]

## B.

Because The Oregonian was a party, the district court had the authority to order The Oregonian to return or destroy the documents as part of the court's inherent powers to oversee discovery in cases before it. The Supreme "Court has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 579 U.S. 40, 45

---

[5] Although certain of this court's cases indicate that some procedural requirements may differ when intervention is granted for the purpose of modifying protective orders or sealing orders, *see Kamakana*, 447 F.3d at 1178 n.2; *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992), The Oregonian's express purpose in entering the litigation was to modify the court's orders sealing the very documents The Oregonian received via Plaintiffs' attorney in breach of the Protective Order. So even if some procedural requirements applied differently to certain intervenors, that does not affect The Oregonian's obligations with respect to the court's discovery orders concerning the same documents The Oregonian sought to unseal.

(2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). Those powers include "the inherent authority of a court to enforce its orders by whatever means," *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985) (quoting *Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977)), the authority "to manage [its] dockets and courtrooms with a view toward the efficient and expedient resolution of cases," *Dietz*, 579 U.S. at 47, and the authority "to correct that which has been wrongfully done by virtue of its process," *Arkadelphia Milling Co. v. St. Louis Sw. Ry. Co.*, 249 U.S. 134, 146 (1919).

These inherent powers provided the district court here with the authority to enforce the Protective Order and to manage discovery by ordering The Oregonian to return or destroy confidential documents that had been inadvertently provided from one party to another party in the lawsuit. Those documents were originally given to Plaintiffs only by virtue of the Protective Order. Fed. R. Civ. P. 26(c). To enforce its orders and ensure efficient discovery proceedings, the district court had the power to direct the return or destruction of any documents that were improperly provided by the court to a party, or by one party to another party. *See United States v. Yacoubian*, 24 F.3d 1, 5 (9th Cir. 1994). There is no question that the district court would be able to, for instance, claw back confidential documents that the clerk of court inadvertently made available to the wrong party. Likewise, the district court would undoubtedly have the power to order the return of any materials that Nike had mistakenly provided to Plaintiffs, such as privileged materials not subject to disclosure. Because The Oregonian as an intervenor is likewise a party subject to the district court's inherent powers, the district court has the same authority to require than any confidential documents

mistakenly provided to The Oregonian by another party be returned or destroyed.

By voluntarily becoming a party, The Oregonian obtained substantial benefits, including the ability to litigate over access to sealed records. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999). But with these benefits also came the requirement to comply with court orders, including orders managing discovery. *See Freeman v. Bee Mach. Co.*, 319 U.S. 448, 453 (1943) (noting a party that "invoke[s] the jurisdiction of the federal court [also] submit[s] to it"). The Oregonian voluntarily subjected itself to the district court's authority to protect the discovery process, including the necessity of the court at times to order the return or destruction of confidential documents that were mistakenly disclosed. The fact that The Oregonian entered into the case with some limited-purpose intervenor status is irrelevant; as a party it was still subject to court orders regarding the confidential documents at issue. *See S.E.C. v. Ross*, 504 F.3d 1130, 1148 (9th Cir. 2007) ("[A] party cannot simultaneously seek affirmative relief from a court and object to that court's exercise of jurisdiction."). This is particularly appropriate in this case since the limited purpose for The Oregonian's intervention was closely related to the documents it received. Because The Oregonian willingly submitted to the district court's jurisdiction—including its inherent case-management authority—the district court possessed inherent powers allowing it to order The Oregonian to return or destroy the confidential documents.[6]

---

[6] Based on our conclusion that as a party to the litigation The Oregonian was subject to the district court's inherent authority, we need not address whether the Protective Order separately provides a basis for the district court to order The Oregonian to return or destroy the documents.

## C.

The Oregonian does not have a First Amendment right to withhold the documents at issue. Pretrial discovery proceedings "are not public components" of the judicial process, and a court can police access to information disclosed in discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 31–33, 37 (1984). As a result, there is no First Amendment right to discovery, and "an order prohibiting dissemination of discovered information before trial is not the kind of classic prior restraint that requires exacting First Amendment scrutiny." *Id.* at 33. Consistent with this authority, a party "may disseminate … information covered by [a] protective order" only "as long as the information is gained *through means independent of the court's processes.*" *Id.* at 34 (emphasis added).

In this case, The Oregonian (a party to this litigation) received sealed documents from Plaintiffs' attorney (also a party to this litigation)—not an "independent source." *Ground Zero Ctr. for Non-Violent Action v. U.S. Dep't of the Navy*, 860 F.3d 1244, 1257–58 (9th Cir. 2017). The Oregonian had "no First Amendment right of access to information that was made available" to one of the parties in the case—here, the Plaintiffs—"only for purposes of trying [the] suit." *Seattle Times*, 467 U.S. at 32. Because a district court can police what is shared *before* it is shared without any prior restraint concerns, a district court necessarily has the concomitant power to enforce its rules concerning document production and to remedy violations without prior restraint concerns as against a party before it. *See, e.g.*, *Cal. Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008) (inherent authority to enforce orders). Cases concerning prior restraints, such as *New York Times Company v. United States*, 403 U.S. 713 (1971) (per curiam),

thus are not implicated here. Instead, we "appl[y] relaxed First Amendment scrutiny to district courts' restrictions of litigants' speech given 'the relationship between [them] and the court system.'" *Ground Zero*, 860 F.3d at 1258 (citation omitted). That relaxed scrutiny is satisfied in this case because the district court's exercise of its inherent authority over parties' access to the fruits of discovery "furthers a substantial governmental interest unrelated to the suppression of expression." *Seattle Times*, 467 U.S. at 34.

## IV.

For the foregoing reasons, we **VACATE** the district court's order denying Nike's motion for the return of the disclosed documents and we **REMAND** this matter for further proceedings consistent with this opinion.[7]

---

[7] We also **VACATE** the portion of the court's order denying Nike's requested discovery into the inadvertent disclosure by Plaintiffs' attorney, which was premised upon the district court's conclusion that "discovery into the circumstances of the disclosure are irrelevant to The Oregonian's First Amendment rights." On remand, the district court may consider whether any further discovery is warranted in light of the legal principles we have set forth herein.